ORIGINAL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

ELLIS ERIC EVANS,          )
                                )
     Movant,          )
                                )
v.                             )     Case No. CV405-28
                                )     [Underlying CR403-93]
UNITED STATES OF AMERICA,    )
                                )
     Respondent.         )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On December 26, 2002, movant called the police to his home – either for a domestic dispute with his wife or, as movant describes it, a dispossessory action involving a tenant. Trial Tr. at 19, 23, 52, 88. When the police arrived, movant was standing in a doorway and one of the officers

ORIGINAL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

ELLIS ERIC EVANS,                )
                                 )
    Movant,                      )
                                 )
v.                               )   Case No. CV405-28
                                 )   [Underlying CR403-93]
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.                  )

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On December 26, 2002, movant called the police to his home – either for a domestic dispute with his wife or, as movant describes it, a dispossessory action involving a tenant. Trial Tr. at 19, 23, 52, 88. When the police arrived, movant was standing in a doorway and one of the officers

noticed a shotgun. The officer confiscated the shotgun for safekeeping. Id. at 27-28, 53. Later, the officers determined that movant was a felon and arrested him when he went to the police station to claim his gun. Id. at 7, 117.

On April 3, 2003, movant was indicted by a grand jury on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Before trial his attorney, James B. Blackburn, Jr., filed 15 motions for his client. Docs. 10-14, 16-25.[1] He did not, however, file a motion to suppress the shotgun found in plain view when the officers arrived at movant's house.

Movant was convicted by a trial jury on June 26, 2003. At his sentencing hearing, movant claimed that the officers entered his house and seized the gun illegally. Sent. Tr. at 5-8. He also claimed that his attorney had a conflict of interest because he and his father "represent the city SPD." Id. Blackburn explained that someone in his office represents the city in civil matters but that his only representation of police officers occurred in divorce actions. Id. at 9.

---

[1] Docket citations are to the docket in movant's criminal case, CR403-93.

Because of his criminal history, movant was qualified as an armed career criminal. PSI ¶ 34. He therefore faced a minimum sentence of 15 years with a guidelines range of 188 to 235 months' imprisonment. Id. at ¶¶ 59-60. The Court sentenced movant to 188 months' imprisonment. Doc. 60. Movant appealed. Doc. 63.

On appeal, movant, still represented by Blackburn, raised a single issue: whether Blackburn's failure to file a motion to suppress the firearm constituted ineffective assistance of counsel. Blackburn claimed that his actions fell below the objective standard of reasonableness cited in Strickland and that but for his error, the result of the case probably would have been different. The Eleventh Circuit declined to address the issue on direct appeal, finding that movant's ineffective assistance of counsel claim was not cognizable for direct appeal because movant did not raise the issue until sentencing and there was no record evidence to review. Doc. 69 at 2-3. The Eleventh Circuit therefore affirmed the conviction. Id.

Movant then timely filed the instant §2255 motion. Docs. 72-73. In his motion, movant raises the following claims:

(1)     his counsel rendered constitutionally ineffective assistance by failing to file a motion to suppress the firearm despite movant's instruction that he do so;

(2)     his counsel rendered constitutionally ineffective assistance when he failed to file a motion to suppress statements made by movant that the government used in its rebuttal case;

(3)     his counsel rendered constitutionally ineffective assistance of counsel when he failed to seek dismissal of the indictment due to government misconduct;

(4)     his counsel labored under a conflict of interest and failed to investigate the case adequately;

(5)     the Court's response to two jury questions at trial violated movant's due process rights; and

(6)     his counsel rendered constitutionally ineffective assistance of counsel when he failed to move the Eleventh Circuit for rehearing en banc.

## II.     ANALYSIS

### A.     Movant's Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, movant must demonstrate that his

attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986); <u>Strickland</u>, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

In his motion, movant asserts four claims of ineffective assistance, which the Court will address in turn.

### 1. Failure to File a Motion to Suppress the Firearm

On direct appeal, Blackburn stated that by failing to file a motion to suppress the firearm, his representation fell below an objective standard of reasonableness and that but for his error, the result of the case probably would have been different. Based on this representation, movant claims that he received constitutionally ineffective assistance. The government argues that this claim must fail because movant cannot establish the prejudice prong of the <u>Strickland</u> test. The Court agrees.

As stated previously, in order to show prejudice, movant must show that the outcome of his trial would have been different but for his counsel's failure to file a motion to suppress. Because any motion to suppress filed

by Blackburn would have been meritless, movant cannot show prejudice. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (per curiam) (citing Strickland, 466 U.S. at 692-93).

The uncontroverted testimony at trial establishes the following facts.[2] Movant called the Savannah Police Department and requested that officers be dispatched to his residence. Trial Tr. at 40, 88. Movant had been drinking. Id. at 23, 40, 110-11. When the officers arrived, movant was standing outside. Id. at 22-23. A woman was removing items from a small building and loading them into her car. Id. at 23. Officer Brian Herbert was standing near the open doorway of the room from which the woman was taking her things. Id. at 24. Standing at the doorway, Officer Herbert performed a scan of the room as a protective sweep for officer safety. Id. His visual scan revealed a shotgun, which he retrieved to check if it was loaded, and then he kept it for safe keeping. Id. at 24, 27. Such protective measures were common practice for Officer Herbert, especially in calls involving domestic disputes.[3] Id. at 24, 99.

---

[2]The Court may consider the evidence presented at trial to decide the merits of a motion to suppress. United States v. Villabona-Garnica, 63 F.3d 1051 (11th Cir. 1995).

[3]Movant contended at trial and still contends today that the officers were not called to his house for a domestic dispute. However, the officers clearly had a good faith

7

Based on these facts, the seizure of the firearm would be upheld. Movant claims that the seizure of the firearm was unlawful because it was effected without a warrant and without exigent circumstances. The Court disagrees.

Officer Herbert's seizure of the shotgun was an appropriate protective measure given his reasonable assumption that he was responding to a threat of domestic violence. Officer Herbert did not enter the dwelling in order to discover the existence of the weapon. Rather, he was standing outside the open doorway. Defendant saw him there and did not ask him to move or leave. In fact, defendant had requested his presence so that the female with whom he was having a dispute could remove her things from that room without altercation. Moreover, Officer Herbert did not need probable cause or reasonable suspicion to visually scan the room to see if anyone or anything that posed a danger to the officers or the movant and his tenant was lurking inside. It was during his cursory scan that Officer Herbert discovered the shotgun. The presence of a firearm caused Officer

belief that there was a domestic dispute. According to Officer Wilson's testimony, he and the other officers were dispatched on a Signal 28, the code for a domestic dispute. Trial Tr. at 19, 21, 23, 37-38. When the officers arrived, they saw a woman identified as Aretha loading items in her car. Id. at 22-23. This woman referred to movant as "her husband." Id. at 40.

Herbert to become immediately concerned because of the particular danger weapons can pose in domestic violence situations.[4]  With that danger in mind, Officer Herbert retrieved the gun to see if it was loaded and then informed movant that he would hold on to it for safe keeping.  An officer "who discovers a weapon in plain view may at least temporarily seize that weapon if a reasonable officer would believe, based on specific and articulable facts, that the weapon poses an immediate threat to officer or public safety."  United States v. Bishop, 338 F.3d 623, 628 (6th Cir. 2003), cert. denied, 540 U.S. 1206 (2004).  Based on his belief that he was present at movant's residence for a domestic disturbance, his suspicion that movant had been drinking, and his knowledge of the danger of domestic disputes, the Court finds that the seizure of the gun for public safety purposes was reasonable and lawful under the Fourth Amendment.

Therefore, any motion to suppress the firearm based on the legality of its seizure is meritless, and movant could have suffered no prejudice for

---

[4]When responding to domestic violence incidents, law enforcement officers face an increased risk of danger.  In fact, domestic disputes are "one of the most feared calls that a police officer must respond to" because "more officers are killed or injured on domestic violence calls than on any other type of call."  Violence Against Women Act of 1994, Pub. L. 103-322, Title IV, 108 Stat. 1902; Hearings before Senate Judiciary Committee, 1994 WL 530624, at *1 (F.D.C.H. Sept. 13, 1994) (statement on behalf of National Task Force on Domestic Violence).

his counsel's failure to file the motion. Blackburn's appellate argument that he provided ineffective assistance "matters little." United States v. Chandler, 218 F.3d 1305, 1315, n. 16 (11th Cir. 2000). The Court finds that habeas relief based on this ground should be DENIED.

### 2. Failure to File a Motion to Suppress Statements

Movant also asserts that his counsel was constitutionally deficient because he failed to file a motion to suppress certain statements he made to ATF Agent Bill Cunningham. According to movant, these statements should have been suppressed because Agent Cunningham did not give him any Miranda warnings before the statements were made. Movant also contends that he did not make the incriminating statements Agent Cunningham testified to at trial.

With regard to movant's claim that he never made incriminating statements to Agent Cunningham, the Court notes that the issue whether or not the statements were made is a factual issue for a jury to decide. In fact, movant did claim at trial that he did not make the incriminating statements that Agent Cunningham claimed. At trial, Agent Cunningham testified that movant stated that the gun was his and that he was there to

pick it up. He further testified that movant stated that "he knew he wasn't supposed to have a weapon," that his sister was there to pick it up for him, and that the gun was his originally his father's. Trial Tr. at 119. Movant also testified, and on cross examination the following exchange occurred:

> Q:   Isn't it true that when you were arrested there on April 18th you told Agent Cunningham that you had gotten your sister to come down there and get you the gun back 'cause you knew you weren't going to be able to get it 'cause you were a felon?

> A:   . . . I didn't told no Agent Cunningham that. Matter of what fact, . . . I did not told him that.

Trial Tr. at 105-06.

The only issue for this Court to decide, if a motion to suppress had been filed, would be whether or not any statements should be suppressed because <u>Miranda</u> warnings should have been given, but were not. <u>Miranda</u> warnings are required "only in instances of custodial interrogation." <u>United States v. Moody</u>, 977 F.2d 1425, 1434 (11th Cir. 1992). Interrogation includes "express questioning as well as 'any other words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to

elicit an incriminating response from the suspect.'" Id. Here, there is no evidence nor any argument by movant that Agent Cunningham ever asked him any questions or that the statements allegedly made were anything but volunteered. Because Miranda specifically excepts "[v]olunteered statements of any kind," Miranda v. Arizona, 384 U.S. 436, 478 (1966), any motion to suppress these statements is meritless. Therefore, movant cannot show prejudice, and habeas relief on this ground should be DENIED.

### 3.    Failure to File Motion to Dismiss Indictment

Movant argues that his counsel was ineffective for not seeking dismissal of the indictment for government misconduct. Movant identifies four statements made during the grand jury proceedings that he claims "were false and were knowingly presented by the prosecutor and the testifying agent." These statements include:

> (1)    that movant was initially arrested by the Savannah Police Department on December 26, 2002;
>
> (2)    that movant's wife was going to move her belongings out of the house they shared together;
>
> (3)    that there was the possibility of a domestic situation while the wife was moving her belongings out of the house; and

(4) that movant stated that the shotgun was his and that he wanted a receipt from the officer for the gun so that he could retrieve it later.

Doc. 73 at p. 9. In fact, the first statement is untrue. While the officers retrieved the gun from movant's residence on December 26, 2002, he was not actually arrested until he went to the police station to retrieve the gun. Trial Tr. at 19, 118-19. The remaining three statements mirror testimony adduced at trial. Id. at 22-23, 27, 38, 40, 42-44.

Movant has not shown how he was prejudiced by any of the statements made to the grand jury. The Court also does not find that his counsel was unreasonable in failing to seek dismissal of the indictment based on a misstatement of the actual date of his arrest or any of the other statements that were never actually proven to be false. Habeas relief on this ground should be DENIED.

### 4. Conflict of Interest

Movant further contends that his counsel rendered ineffective assistance because he labored under a conflict of interest. Movant's claim is based on his counsel's admission that his "law firm worked [for] and vigorously defended police officers in Savannah Georgia." Doc. 72 at p. 6.

Movant raised this argument at his sentencing hearing. Blackburn responded to movant's charge by stating:

> I will say that I do not represent the City of Savannah Police Department. I never have represented any police officer in any sort of matters similar to this, or any police officer in their official capacity. I've represented a few of them in divorces. And the fact that someone in my office represents the city in civil matters, I don't believe was a conflict. And what the city has had or said or did had nothing to do with the defense provided for Mr. Evans.

Sent. Tr. at 9. The district judge responded to this charge:

> [T]he fact that Mr. Blackburn's father might represent the city in civil matters , and maybe in his career Mr. Blackburn may have represented a police officer from time to time in a civil matter, does not constitute a conflict of interest as far as Mr. Blackburn representing you. I know at the trial of this case Mr. Blackburn tried to give you some advice. Part of the advice he tried to give you was not to take the stand and testify, but you wouldn't listen to that advice and it didn't help you any at your trial. It is obvious that you have some disagreements with Mr. Blackburn, but those don't appear to be any more than are common disagreements between defendants and their appointed counsel in many cases.

Id. at 11-12.

As noted above, in order to succeed on a claim of ineffective assistance of counsel, movant must show beyond a preponderance of competent evidence that his counsel's performance was unreasonable – that his

particular and identified acts or omissions fell outside the wide range of professionally competent assistance. Chandler, 218 F.3d at 1313-14. Movant's claim just does not meet that threshold. The district judge was correct in stating that neither Mr. Blackburn's prior representation of police officers in divorce matters, nor his father's prior representation of the city, prevented him from representing movant in this case. Accordingly, habeas relief should be DENIED on this ground because movant has not made a sufficient showing that his counsel's performance was unreasonable.

## 5.    Failure to Investigate

Movant has also claimed that he received ineffective assistance of counsel because Blackburn failed to "investigate and find tenant Francis Williams," to "determine the true identity of Francis Williams a.k.a. Aretha," and to "suppress police lies that petitioner Evans was married to tenant Francis Williams whose true identity is unknown" to movant. Doc. 72 at p. 6.

The Court is unpersuaded. Movant's sister, called to the stand by Blackburn, testified that the woman identified as Francis Williams and Aretha was movant's girlfriend. Trial Tr. at 78. Movant also referred to

this woman as "Aretha" in his own trial testimony. Id. at 88, 91, 98. The testimony of movant and his sister strongly suggest that movant knew exactly who this woman was, leaving Blackburn with nothing to investigate.

The Court further notes that whether or not movant was in fact married to this woman was not a fact essential to movant's conviction in this case. The issue before the jury was whether or not movant possessed the shotgun recovered by Officer Herbert. The issue of whether or not movant was married or not married, or whether this unidentified woman was named Aretha or Frances Williams, only bore on the issue of whether the incident the officers were called to police was a domestic dispute or merely the ejection of a tenant. Regardless of the true reason for movant's call for police assistance, it is undisputed that the officers on the scene believed that they had been called with regard to a domestic dispute.

Therefore, based on the fact that movant's testimony and the testimony of his sister strongly suggest that movant was aware of the woman's identity, and because the woman's true identity was such a satellite matter to the issue of movant's possession of a firearm, the Court finds that defendant has not shown that Blackburn's failure to investigate

this woman's identity was unreasonable. Moreover, movant has also not

shown that he was prejudiced by this failure.[5] Accordingly, habeas relief

should be DENIED on this ground.

### 6.   Failure to Request Rehearing En Banc

Lastly, movant claims that Blackburn was ineffective as appellate

counsel because he did not petition the Eleventh Circuit for rehearing en

banc after his conviction and sentence were affirmed. Doc. 72 at p. 6.

Federal Rules of Appellate Procedure 35 states that rehearing en banc will

only be allowed if "en banc consideration is necessary to secure or maintain

uniformity of the court's decisions" or "the proceeding involves a question

of exceptional importance." Indeed, the Eleventh Circuit rules provide

"that the duty of counsel is fully discharged without filing a petition for

rehearing en banc if the rigid standards of Rule 35(a) are not met." Movant

has made no showing that the requirements of Rule 35(a) are met, and this

Court does not find that they are. Movant's counsel was not unreasonable

in failing to file a petition for rehearing en banc. Movant also has not

---

[5]For instance, movant never suggests how finding this woman could have helped
his case.

demonstrated that he was prejudiced by that failure. Habeas relief should be DENIED on this ground.

## B. Jury Questions

Lastly, movant contends that his due process rights were violated because of the Court's response to two jury questions at trial. During deliberations, the jury presented two questions to the Court: (1) "Does knowingly preclude ignorance of the law?" and (2) "On or about, does that mean 12/[26]/02, or does it include actions up to and including arrest?"[6] Trial Tr. at 143.

For question one, the Court answered that "[t]he offense charged in this indictment is the offense of knowingly possessing a firearm while being a prior convicted felon." Id. This answer mirrors the Eleventh Circuit's pattern offense instruction on possession of a firearm by a convicted felon and merely repeated the instruction that had already been given to the jurors before they began their deliberations. See Pattern Jury Instructions (Criminal), Prepared by the Committee on Pattern Jury Instructions of the

---

[6]The trial transcript actually states the date 12/16/02. Trial Tr. at 143. The Court has reviewed its records and has ensured that this is a clerical error. The jury's question actually listed the date of 12/26/02.

Judicial Counsel of the Eleventh Circuit, Offense Instruction 34.6, Possession of a Firearm by a Convicted Felon, 18 U.S.C. §922(g)(1), Thomas West, 2003 Edition; Trial Tr. at 135. The Court finds no error in the answer provided to the jury.

The Court further explained that "[t]he term 'knowingly as that term is used in this indictment means whether the defendant voluntarily and intentionally possessed the firearm and not whether the defendant knew what the law was at the time." This is also derived from the Eleventh Circuit's pattern jury instruction on the word "knowingly." Pattern Jury Instructions (Criminal), Basic Instruction 9.2, 2003 Edition. Again, there is no error in this instruction.

The second question was answered by explaining that the jury

> must determine from the evidence whether or not the defendant possessed a firearm on or about the date charged in the indictment. As I have previously instructed you, the government does not have to prove with certainty the exact date of the offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near December 26, 2002.

Trial Tr. at 143. Again, this answer was derived from the Eleventh Circuit's pattern jury instruction and was already given to the jury in the

Court's initial jury instructions. Pattern Jury Instructions (Criminal), Basic Instruction 9.2, 2003 Edition; Trial Tr. at 136. There was no error in this answer. Habeas relief should be DENIED on this ground.

## III. CONCLUSION

Based upon the foregoing, the Court recommends that the instant § 2255 motion for habeas corpus relief be DENIED.

**SO REPORTED AND RECOMMENDED this** 27Th **day of May, 2005.**

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

# United States District Court
## *Southern District of Georgia*

ELLIS ERIC EVANS                           )

vs                                          )        CASE NUMBER  CV405-28  CR403-939)

UNITED STATES OF AMERICA           )        DIVISION     SAVANNAH

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.  Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.  That the aforementioned enveloped contained a copy of the document dated May 27, 2005 _____, which is part of the official record of this case.

Date of Mailing:        May 27, 2005

Date of Certificate     ☐ same date,     or _____

Scott L. Poff,  Clerk

By: _____

Deputy Clerk

Name and Address

Ellis Eric Evans, 11518-021, Federal Correctional Institute, p.O. Box 699, Estill, SC  29918
Amy Lee Copeland, Esq.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate